**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO RODRIGUEZ; et al., | No. 20-55770 |
| Petitioners-Appellees, | D.C. No. 2:07-cv-03239-TJH-RNB |
| v. | |
| WILLIAM P. BARR, Attorney General; et al., | MEMORANDUM[*] |
| Respondents-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted October 15, 2021[**]
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and HADDON,[***] District Judge.

The United States appeals the district court's order refusing to dissolve the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sam E. Haddon, United States District Judge for the District of Montana, sitting by designation.

permanent injunction previously entered despite the subsequent vacatur of the underlying judgment. We have jurisdiction to hear this appeal under 28 U.S.C. § 1292(a)(1). We remand this case to the district court with instructions to vacate the permanent injunction.

1.     The district court misinterpreted our opinion in *Rodriguez v. Marin* (*Rodriguez IV)*, 909 F.3d 252, 256 (2018) as an instruction to keep the permanent injunction in place. In *Rodriguez IV* we stated that: "Like the Supreme Court, we do not vacate the permanent injunction pending the consideration of these vital constitutional issues." 909 F.3d at 256. The district court interpreted that sentence as "instructions" to keep "the permanent injunction in place pending the consideration of the constitutional issues" which it was "obligated to follow." As a result, it denied the government's motion to vacate the permanent injunction.

We wish to resolve that misunderstanding. We did not intend to instruct the district court to maintain the permanent injunction based on plaintiffs' now-defunct statutory claims indefinitely. Instead, we indicated that we did not lift the injunction at the appellate level, like the Supreme Court, but were remanding for the district court to do so when it considered how it planned to proceed on plaintiffs' constitutional claims and other questions the Supreme Court asked it to consider in *Jennings v. Rodriguez*, 138 S. Ct. 830, 851–52 (2018).

2. On remand, the permanent injunction must be vacated because it lacks a basis in law. A permanent injunction is valid only if, among other things, it is supported by the plaintiff's "actual success on the merits," *Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 (9th Cir. 2019) (citations omitted), and if it is tailored to address the specific injury the plaintiff has successfully proved, *Natural Resource Defense Council v. Winter*, 508 F.3d 885, 886 (9th Cir. 2007).

When the district court issued the original permanent injunction, it was valid: the plaintiffs had achieved "actual success" on the merits of their statutory claims, and the court crafted an injunction designed to remedy those statutory violations. Since then, the nature of this case has been transformed. The plaintiffs have not only lost on the merits of their statutory claims, eliminating the entire foundation for the permanent injunction and subsequent relief, they have filed an amended complaint removing those claims from the case entirely.

3. Therefore, we remand this case to the district court with instructions to vacate the permanent injunction. Petitioners may, of course, move for a preliminary injunction based on their remaining claims. We also direct the district court to follow the instructions we clearly laid out in *Rodriguez IV*, 909 F.3d at 257, which comport with the Supreme Court's instructions in *Jennings*, 138 S. Ct. at 851–52.

**REVERSED AND REMANDED.**